<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT I. ARCHIE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MERCER COUNTY COURTHOUSE, SUPERIOR; STATE OF NEW JERSEY, OFFICE OF AG; and THIRFT DRUG, INC. (RITE AID OF ROBBINSVILLE),<br><br>　　　　　　Defendants. | Civil Action No. 23-03553 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court upon *pro se* Plaintiff Robert I. Archie's Application to Proceed *In Forma Pauperis* together with Plaintiff's Complaint against Defendants Mercer County Courthouse, the State of New Jersey, and Thrift Drug, Inc. (ECF Nos. 1, 1-2.) For the reasons set forth below, and other good cause shown, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED** without prejudice

## I.　　　BACKGROUND

This matter arises from Defendant Mercer County Courthouse's (the "Courthouse Defendant") handling of Plaintiff's state-court actions. (*See generally* ECF No. 1.) Plaintiff alleges that the Courthouse Defendant violated Plaintiff's civil rights by refusing to transfer his state-court actions (in the civil, criminal, and family parts) to another venue in the face of a conflict of interest arising from Plaintiff's simultaneous litigation against the Courthouse Defendant in

federal court.  (*Id.* at 3.[1])  Plaintiff asserts claims under various amendments to the United States Constitution, including the First Amendment for freedom-of-speech violations, Sixth Amendment for Defendants' suppression of "witnesses/evidence," Seventh Amendment for civil-trial-rights violations, and Fourteenth Amendment for equal-protection violations.  (*Id.*)

Plaintiff attaches various exhibits to the Complaint "to get the Court up to speed."  (ECF No. 1-4 at 1.)  All of the exhibits are filings, mostly concerning discovery matters, in the state-court action captioned *Robert I. Archie v. Thrift Drug, Inc., et al.*,[2] Docket No. MER-L-2109-21.  (*See, e.g.*, ECF Nos. 1-5, 1-6, 1-9.)  One exhibit is a letter from Plaintiff to the judge of the state-court action, where Plaintiff asserted that the judge had a conflict of interest arising from (i) the judge's connection to a school that Plaintiff's children attended and (ii) the judge's presiding over Plaintiff's family-part matter in which the court had considered and rejected Plaintiff's assertion of the same conflict of interest.  (ECF No. 1-8 at 2-3.)  Other exhibits reflect filings related to defendants' motion for summary judgment, which the court granted after hearing oral argument, thereby disposing of Plaintiff's state-court action.  (*See* ECF Nos. 1-11, 1-13, 1-14, 1-15, 1-16.)

Shortly after the dismissal of his state-court action, Plaintiff filed this action.  Plaintiff seeks "monetary compensation in the amount of $10 million USD."  (ECF No. 1 at 4.)

## II.    LEGAL STANDARD

### A.    *In Forma Pauperis*

To avoid paying the filing fee for a civil case in the United States District of New Jersey, a litigant may apply to proceed *in forma pauperis*.  In considering applications to proceed *in forma*

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]    In the state-court action, Thrift Drugs, Inc., stated that it was improperly pled as "Rite Aid of Robbinsville."  (*See* ECF No. 1-13 at 2; *see also* ECF Nos. 1-14, 1-16.)

*pauperis*, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id*. Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

## B.    Failure to State a Claim – Rule 12(b)(6)

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

### C.        Pleading Requirements – Rule 8

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of

the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that

the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct."  Fed. R.

Civ. P. 8(a)(1), (a)(2), (d).  The allegations in the complaint must not be "so undeveloped that [they]

do] not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips*

*v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  Even *pro se* litigants must "comply with

the basic pleading requirements of Rule 8(a)."  *Purisma v. City of Philadelphia*, 738 F. App'x 106,

107 (3d Cir. 2018).

## III.     DISCUSSION

### A.        Application to Proceed *In Forma Pauperis*

The present Application shows that little has changed in Plaintiff's financial profile since

the Court determined in a separate action that Plaintiff was entitled to proceed *in forma pauperis*.

(*Compare* ECF No. 1-2 *with Archie v. Mercer Cnty. Courthouse*, Civ. No. 19-20976 (D.N.J.), ECF

Nos. 1-2, 7.)  Thus, Plaintiff may proceed *in forma pauperis* in this action.

### B.        Review of Complaint

#### 1.        Sovereign Immunity

The Eleventh Amendment to the United States Constitution bars not only suits against

states themselves, "but also suits for damages against 'arms of the State' — entities that, by their

very nature, are so intertwined with the State that any suit against them renders the State the 'real,

substantial party in interest.'"  *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016)

(citation omitted).  "Eleventh Amendment immunity . . . is subject to three primary exceptions: (1)

congressional abrogation, (2) waiver by the state, and (3) . . . suits against individual state officers

for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); *see also Kongtcheu v. Constable*, Civ. No. 12-6872, 2016 WL 270075, at \*5 (D.N.J. Jan. 20, 2016) (same).

The Courthouse Defendant and the State of New Jersey are entitled to Eleventh Amendment sovereign immunity. *See Johnson v. New Jersey*, 869 F. Supp. 289, 296 (D.N.J. 1994) ("The Eleventh Amendment has been construed to preclude lawsuits in federal court against a state by its own citizens.") (citations omitted); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[S]tate courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state."). Thus, Plaintiff's constitutional claims for monetary damages against the Courthouse Defendant and the State of New Jersey are dismissed.

2.    Rooker-Feldman

The Complaint makes clear that Plaintiff is looking to rehash his unsuccessful state-court claims, which were litigated and ultimately dismissed through an entry of summary judgment in favor of Thrift Drugs, Inc., and against Plaintiff. The *Rooker-Feldman* doctrine bars any such attempt to use the federal trial courts as a court of appeals from state-court judgments. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also Archie v. Mercer Cnty. Courthouse*, Civ. No. 19-20976, 2022 WL 2980986, at \*4 (D.N.J. July 28, 2022) (collecting cases).

A federal district court does not sit in review of state-court judgments. *Rooker-Feldman* thus operates to prevent a disgruntled party in state-court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *See B.S. v. Somerset Cnty.*, 704 F.3d 250 (3d Cir. 2013). In other words, *Rooker-Feldman* bars "cases brought by state-

5

court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original).

All of these prerequisites appear in the Complaint. *First*, Plaintiff's state-court action was dismissed on a motion for summary judgement (ECF No. 1-16); *second*, Plaintiff now complains of injuries caused by the state court's rejection of his conflict-of-interest assertions and grant of summary judgment against him (*see* ECF No. 1 at 3); *third*, Plaintiff filed this action nine days after the state action was dismissed with prejudice (*see* ECF Nos. 1, 1-18); and *fourth*, Plaintiff is asking this Court to find that the state court's ruling violated his constitutional rights (*see* ECF No. 1 at 3-4). Indeed, determining whether Plaintiff's civil rights were violated would require the Court to assess whether the motion for summary judgement was properly granted or whether the state court should have transferred the lawsuit to another venue due to its involvement in an ongoing litigation in the federal court system.

Under *Rooker-Feldman,* lower federal courts cannot entertain federal claims that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision. *See Guarino v. Larsen,* 11 F.3d 1151, 1156-57 (3d Cir. 1993); *Port Auth. Police Benev. Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3d Cir. 1992). The first alternative, actual adjudication, requires little explication. As for the second, a federal claim is "inextricably intertwined" with a

prior state-court decision if granting "the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling." *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citation omitted).  In the context of "inextricably intertwined" claims, the Court must apply *Rooker-Feldman* with caution.  The doctrine does not operate to preclude all claims that are related to the state-court judgment; it applies only to claims that were the basis of, or injuries allegedly caused by, the state-court judgment.  *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 126 (3d Cir. 2016) (citing *Great W. Mining*, 615 F.3d at 166).  To the extent that the federal action presents "some independent claim" — that is, one that does not implicate the validity of the state-court judgment — the doctrine does not apply.  *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547-48 (3d Cir. 2006) (quoting *Saudi Basic Industries*, 544 U.S. at 292).

Plaintiff's claims are at least "inextricably intertwined" with the prior state-court rulings. Plaintiff is suing Thrift Drugs, Inc., again for the same grievances, asserting that "I should have never been banned from all Rite Aids for 3 years and [there] is no evidence or valid reason to constitute their ban."  (ECF No. 1 at 4; *compare* ECF No. 1-11.)  Plaintiff now adds as defendants the Courthouse Defendant and the State of New Jersey — both of which are entitled to sovereign immunity, as ruled above — not based on any independent harm, but because Plaintiff disagrees with how the state court adjudicated his claims.  Plaintiff asserts here, as he did in the state-court action, that the state-court judge had a conflict of interest that justified transfer of the action to another venue, and that the judge should have extended the discovery end date so that Plaintiff could gather additional witness statements.  (*See* ECF Nos. 1, 1-12.)  Plaintiff also claims that he "was denied his right to a fair trial" by the judge in the state-court action.  (ECF No. 1 at 3.)  But "[w]here a party asserts that his adversary should not have won, or that the presiding judge erred,

the proper recourse is to file an appeal within the State court system—not to sue the adversary again." *Del Priore v. Sabo*, Civ. No. 19-17806, 2020 WL 1485895, at *6 (D.N.J. Mar. 27, 2020).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the Complaint is **DISMISSED** without prejudice.  An appropriate Order follows.

Dated: August 14, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

8